# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK S. LEACH, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0921 |
| | § | |
| BAYLOR COLLEGE OF MEDICINE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This is an employment discrimination and retaliation case filed by Frederick S. Leach, M.D., Ph.D., against Baylor College of Medicine. Dr. Leach, who now works and lives in Dallas, is representing himself because the lawyer who represented him when the suit was filed and in the early stages of discovery was granted leave to withdraw.

During Dr. Leach's July 11, 2008 deposition, Dr. Leach testified that he had provided approximately 1,000 documents to his former attorney in response to Baylor's production request. Dr. Leach had made no arrangements to retrieve those documents after the attorney withdrew or to ask that attorney to give the documents to counsel for Baylor. As a result, Baylor's lawyers took the deposition after receiving only some of the documents responsive to the discovery requests it had timely served. On July 23, 2008, following a discovery hearing, this court ordered Dr. Leach to produce to counsel for Baylor copies of the documents that he had given his former attorney. Baylor received those documents on August 1, 2008.

On August 15, 2008, Baylor moved to reopen Dr. Leach's deposition. (Docket Entry No. 20). Baylor argues that it could not properly depose Dr. Leach about his retaliation and tortious interference claims without the documents that it learned of in the deposition and that were produced after-the-fact. Counsel for Baylor asserts that she examined Dr. Leach about his discrimination claim but not his retaliation and tortious interference claims because the relevant requested documents had not been produced. (*Id.*). Baylor also asks this court to order Dr. Leach to travel to Houston for his deposition, rather than have it taken again in Dallas. Baylor asserts that Dr. Leach was "evasive and nonresponsive during his deposition." A copy of the transcript was provided to the court to examine.

In the deposition, Dr. Leach agreed to reopen the deposition if it would be "restricted to those documents that are further received by counsel." (Docket Entry No. 22, p. 2). Dr. Leach now argues that there is no need to reopen the deposition because counsel for Baylor should have obtained the documents before the deposition; should have stopped the deposition once they realized that necessary documents had not been produced, rather than continuing for the full day; that counsel for Baylor was fully aware of the charges asserted in this suit; and that counsel for Baylor was "disrespectful and badgering" during the deposition. (Docket Entry No. 21). Although Dr. Leach denies that there is a need to reopen the deposition and argues that it is burdensome, he agrees that it should be in Houston so that it can take place in the courthouse, subject to judicial supervision if needed. He also seeks the costs he will incur to appear for another deposition, in Houston. (*Id.*).

2

This court has read the motion to reopen, the response, the reply to the response, and the reply to the reply, and well as the transcript of Dr. Leach's deposition. Based on that review, this court concludes that Dr. Leach's deposition should be reopened to allow counsel for Baylor to examine him about his retaliation and tortious interference claims. The documents relevant to those claims had been requested but neither identified nor produced prior to the deposition. *See Aboujaoude v. Poinciana Development Co. II*, 2007 WL 3343076 at *3-4 (S.D. Fla. Nov. 7, 2007) (granting plaintiffs's motion to reopen defendant's deposition for questioning about documents that defendant had control over but failed to produce in response to a discovery request because defendant claimed they were in the possession of another); *In re Omnicom Group, Inc. Securities Litigation*, 2007 WL 2376170 at *24 (S.D.N.Y. Aug. 10, 2007) (granting plaintiffs's motion to reopen deposition of nonparty witness for questioning about documents that defendants had failed to produce).

The deposition transcript also makes clear that judicial supervision may be useful. Accordingly, the following order is entered:

Dr. Leach must appear for a reopened deposition on his retaliation and tortious interference claims. The deposition will be held in the United States Courthouse, 515 Rusk, in Judge Rosenthal's jury room, or in another location in the Courthouse if the jury room is not available. The date of the deposition is left for the parties to arrange, except that it must

occur no later than October 24, 2008.  The court will not at this time require Baylor to pay Dr. Leach's out-of-pocket costs to attend the deposition.

SIGNED on September 26, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge